UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EZRA ALEM, | Case No. C22-409RSM |
| Plaintiff, | |
| v. | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |
| WILLIAM TER-VEEN, et al., | |
| Defendants. | |

*Pro se* Plaintiff Ezra Alem has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #5. The Complaint was posted on the docket on April 4, 2022. Dkt. #6. Summonses have not yet been issued.

Mr. Alem brings this case against Snohomish Deputy William Ter-veen, Snohomish County Prosecuting Attorney Constance M. Crawley, and Special Agent in Charge Donald M. Voiret. *Id.* at 2. He alleges violations of the Due Process Clause and False Claims Act, as well as police and prosecutorial misconduct. *Id*. The events giving rise to these violations apparently occurred on October 9, 2013. *Id.* at 4. He alleges that Defendants falsely accused him of threatening law enforcement and charged him with "assault 4," which was "extremely unnecessary for it being used against to [sic] in the efforts of placing me on the cautionary list, without proof, without witnesses… and William Ter-Veen coaching the witness into creating a narrative of the incident." *Id.* at 5. The outcome of this police interaction and prosecution is not stated, but it is clear the FBI then placed Plaintiff on some kind of "cautionary watchlist"

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT - 1

that makes it difficult for Plaintiff to travel. *Id.* He claims hardships in employment and extreme mental distress and PTSD when interacting with law enforcement. *Id.* He seeks 10 million dollars. *Id*. at 4.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

As it currently stands, Plaintiff Alem's complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint is devoid of sufficient citations to law to bring a cause of action against these Defendants for these claims. Even if Plaintiff were to cite to § 1983 or another valid source of law, any such claim would appear to be untimely given that eight years have passed since the encounter with police and the subsequent criminal prosecution. It is not clear from the Complaint how *these* Defendants are legally responsible for the ongoing placement of Plaintiff on a cautionary watchlist. Mr. Alem's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Amended Complaint, Plaintiff must repeat all the elements of his existing Complaint (the parties, the causes of action, etc.) plus additional facts and citations to law addressing the above deficiencies. All relevant facts must be included in this single pleading document and not in attachments. Failure to file a timely Amended Complaint will result in dismissal of this case.

//

//

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT - 2

DATED this 5th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE