UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EZRA ALEM,

               Plaintiff,

               v.

WILLIAM TER-VEEN, et al.,

               Defendants.

Case No. C22-409RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Ezra Alem has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #5. The Complaint was posted on the docket on April 4, 2022. Dkt. #6. The Court immediately identified several deficiencies and directed Plaintiff to file an amended complaint. Dkt. #10. Plaintiff filed his Amended Complaint the next day. Dkt. #11. Summonses have not yet been issued.

On April 6, 2022, the Court issued an Order to Show Cause why this case should not be dismissed for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Dkt. #14. The Court directed Plaintiff to "write a short and plain statement telling the Court (1) why his claims are timely, (2) how these Defendants are liable for his claims, and (3) why this case should not be dismissed as frivolous." *Id.* The Court gave Plaintiff a page limit of six pages. *Id.* Plaintiff

ORDER OF DISMISSAL - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

was directed not to file additional pages as attachments. *Id.* The Court stated it would take no further action in this case until Plaintiff submitted this Response.

Plaintiff disregarded the Court's instructions, and subsequently filed four letters to the Court and several amended complaints without leave. *See* Dkt. #23, Minute Order discussing these filings. The Court has nevertheless reviewed all of these filings for answers to the Court's questions.

Plaintiff repeatedly requests oral argument. Unfortunately, the Court does not have the time or resources to hear oral argument on every motion. This case is at the screening stage for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not demonstrated an inability to communicate through writing.

Plaintiff attaches records from the Snohomish County Sheriff's Office to one of his filings. *See* Dkt. #21-1. These records refer to the placement of a subject on the "NCIC Violent Person File" in 2014, 2015, 2016, 2017, and 2018. *See id.* The name of the subject is redacted.

After reviewing Plaintiff's filings, the Court has re-reviewed the first Amended Complaint. Plaintiff brings this case against Snohomish Patrol Sergeant William Ter-veen, Snohomish County Prosecuting Attorney Constance M. Crawley, and Special Agent in Charge Donald M. Voiret. *Id.* at 2. Plaintiff alleges violations of the Due Process Clause and False Claims Act, as well as police and prosecutorial misconduct. *Id.* The incident involving these Defendants and these claims clearly occurred in 2013. *Id.* at 8. Plaintiff alleges that Sgt. Ter-Veen was dispatched to a Crisis Residential Center in Arlington. *Id.* He was then "detained for the alleged crime of an assault in the 4th degree against a civilian." *Id.* He pleads that he was the real victim in the altercation, and that Sgt. Ter-Veen threatened him to get down on the

ORDER OF DISMISSAL - 2

ground and that he was afraid he was going to get shot during the arrest.  *Id.*  He says that he was confused during the prosecution, did not think people would believe him, and that he "pleaded guilty before receiving a trial or the opportunity to know what happened."  *Id.* at 9. He was then placed on the "Violent Person File" by Prosecutor Constance M. Crawley.  *Id.* After this incident and prosecution, he has experienced numerous other interactions with law enforcement, including the Seattle Police in 2019, at the Social Security Administration building in 2019, and an unknown off duty police officer at Bartell Drugs in 2020. *Id.* at 9–10. He believes that many of these incidents are due in part to him being placed on the "Violent Person File" or some other kind of FBI watch list.  He seeks 10 million dollars.  *Id.* at 4.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint suffers from deficiencies that require dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B). It is devoid of sufficient citations to law to bring a cause of action against these Defendants for these claims.  Even if Plaintiff were to cite to §1983 or another valid source of law, any such claim is untimely given that eight years have passed since the encounter with these Defendants.  The Amended Complaint fails to sufficiently allege how *these* Defendants are legally responsible for the ongoing placement of Plaintiff on a cautionary watchlist, or how placement on that list has proximately caused Plaintiff the alleged injuries. The Court notes that Plaintiff, given the opportunity to address the issue of timeliness, has attached records indicating placement on the Violent Person File only as of February 2018, more than three years prior to filing this lawsuit.

Plaintiff has failed to adequately allege how Defendant Ter-Veen has violated the law by applying for Plaintiff to be placed on this list.  Plaintiff admits he was convicted of the underlying crime.  Plaintiff repeatedly indicates that his placement on this list is based on a lie, however Plaintiff cannot challenge his conviction for the underlying crime through these claims, and any such challenge is likely untimely.  In any event, Plaintiff has failed to show how Defendants have proximately caused his alleged damages.  Given all of the above, dismissal under U.S.C. § 1915(e)(2)(B) is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED and this case is CLOSED.  All pending Motions are STRICKEN as moot.


DATED this 21st day of April, 2022.



RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4