UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EZRA ALEM,<br><br>   Plaintiff,<br><br>   v.<br><br>WILLIAM TER-VEEN, et al.,<br><br>   Defendants. | Case No. C22-409RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

  This matter comes before the Court on Plaintiff's "Emergency Motion for Reconsideration," Dkt. #26. This is the title of the filing on the Docket, however the document itself is a letter with a single paragraph and the title "Notice to strike all exhibits." *See id.* at 1. The body of the letter does not refer to the Court's recent Order of Dismissal explicitly but explains that the Court has misunderstood the facts and evidence in this case. The filing is unsigned by Plaintiff.

  "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being

ORDER DENYING MOTION FOR RECONSIDERATION - 1

sought in the court's prior ruling." LCR 7(h)(2).  "A motion for reconsideration shall be plainly labeled as such." *Id.*  No response to a motion for reconsideration shall be filed unless requested by the court.  LCR 7(h)(3).

This is not a procedurally proper motion for reconsideration.  It is not formatted like a motion, in violation of Federal Rule of Civil Procedure 7 and Local Civil Rule 7.  It is unsigned in violation of Federal Rule of Civil Procedure 11.  It is not clearly labelled as a motion for reconsideration as required by Local Civil Rule 7(h)(2).

The Court will nevertheless interpret it as a motion for reconsideration to assist Plaintiff and to conserve judicial resources.  Plaintiff states that the Court has misunderstood the alleged facts and exhibits submitted in response to the Court's Order to Show Cause.  Plaintiff requests that his case be allowed to proceed so that he can obtain additional facts in discovery from Defendants.  Plaintiff's assumption that facts must exist to support his claims is insufficient to overcome the Court's reasons for dismissal.  Plaintiff may feel that the Court has misunderstood the facts, but such has not been demonstrated by the few sentences in this filing.  Plaintiff must demonstrate "manifest error" for the Court to revisit or overturn its prior ruling.  The Court has given Plaintiff several opportunities to adequately plead his claims and had many reasons for dismissing this case as frivolous.  *See* Dkt. #24.  The Court continues to find that dismissal is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #26, is DENIED.  This case remains CLOSED.

//

//

ORDER DENYING MOTION FOR RECONSIDERATION - 2

DATED this 22nd day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 3