UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EZRA ALEM, | Case No. C22-409RSM |
| Plaintiff, | ORDER REVOKING IN FORMA PAUPERIS ON APPEAL |
| v. | |
| WILLIAM TER-VEEN, et al., | |
| Defendants. | |

This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #30. Pro se Plaintiff Ezra Alem was granted leave to proceed in forma pauperis in this matter on April 4, 2022. Dkt. #5. At the time, the reviewing Magistrate Judge stated he "recommends the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons." *Id.* The Court conducted that review, permitted Mr. Alem to amend his complaint, reviewed again, issued an Order to Show Cause, reviewed the many responses from Mr. Alem, and ultimately concluded that his claims were properly dismissed as frivolous under that statute. Mr. Alem has appealed this decision dismissing his claims. Dkt. #27.

Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 1

be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id*. at 327.

In this case, Mr. Alem brought suit against Snohomish Patrol Sergeant William Ter-veen, Snohomish County Prosecuting Attorney Constance M. Crawley, and Special Agent in Charge Donald M. Voiret. Dkt. #11 at 2. Plaintiff alleged violations of the Due Process Clause and False Claims Act, as well as police and prosecutorial misconduct. *Id*. The incident involving these Defendants and these claims clearly occurred in 2013. *Id*. at 8. Plaintiff alleged that Sgt. Ter-Veen was dispatched to a Crisis Residential Center in Arlington. *Id*. He was then "detained for the alleged crime of an assault in the 4th degree against a civilian." *Id*. He pleaded that he was the real victim in the altercation, and that Sgt. Ter-Veen threatened him to get down on the ground and that he was afraid he was going to get shot during the arrest. *Id*. He said that he was confused during the prosecution, did not think people would believe him, and that he "pleaded guilty before receiving a trial or the opportunity to know what happened." *Id*. at 9. He was then placed on the "Violent Person File" by Prosecutor Constance M. Crawley. *Id*. After this incident and prosecution, he experienced numerous other interactions with law enforcement, including the Seattle Police in 2019, at the Social Security Administration building in 2019, and an unknown off duty police officer at Bartell Drugs in 2020. *Id*. at 9–10. He believes that many of these incidents are due in part to him being placed

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 2

on the "Violent Person File" or some other kind of FBI watch list. He sought 10 million dollars. *Id*. at 4.

Plaintiff subsequently submitted records from the Snohomish County Sheriff's Office. *See* Dkt. #21-1. These records refer to the placement of a subject on the "NCIC Violent Person File" in 2014, 2015, 2016, 2017, and 2018. *See id*. The name of the subject is redacted.

The Court, after reviewing the entire record, concluded as follows:

> Plaintiff's Amended Complaint suffers from deficiencies that require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B). It is devoid of sufficient citations to law to bring a cause of action against these Defendants for these claims. Even if Plaintiff were to cite to §1983 or another valid source of law, any such claim is untimely given that eight years have passed since the encounter with these Defendants. The Amended Complaint fails to sufficiently allege how these Defendants are legally responsible for the ongoing placement of Plaintiff on a cautionary watchlist, or how placement on that list has proximately caused Plaintiff the alleged injuries. The Court notes that Plaintiff, given the opportunity to address the issue of timeliness, has attached records indicating placement on the Violent Person File only as of February 2018, more than three years prior to filing this lawsuit.
>
> Plaintiff has failed to adequately allege how Defendant Ter-Veen has violated the law by applying for Plaintiff to be placed on this list. Plaintiff admits he was convicted of the underlying crime. Plaintiff repeatedly indicates that his placement on this list is based on a lie, however Plaintiff cannot challenge his conviction for the underlying crime through these claims, and any such challenge is likely untimely. In any event, Plaintiff has failed to show how Defendants have proximately caused his alleged damages. Given all of the above, dismissal under U.S.C. § 1915(e)(2)(B) is warranted.

Dkt. #24 at 3–4.

For the reasons set forth above, the Court continues to believe that any appeal of this ruling necessarily lacks an arguable basis in law or in fact. The Court cannot find that

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 3

Plaintiff's appeal has been taken in good faith, and maintains that, by its assessment of the Amended Complaint, Plaintiff's claims are legally frivolous.

Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.

DATED this 29th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 4